UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL NELSON (#53923)**                               **CIVIL ACTION**

**VERSUS**                                                                       **NO. 23-504-BAJ-SDJ**

**RHONDA ALLEMAN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 9, 2023.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL NELSON (#53923)                              CIVIL ACTION

VERSUS                                               NO. 23-504-BAJ-SDJ

RHONDA ALLEMAN, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* Plaintiff, a pretrial detainee confined at the West Baton Rouge Detention Center, Port Allen, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Warden Rhonda Alleman, Sheriff Mike Caze, the West Baton Rouge Sheriff's Department, the West Baton Rouge Council, St. Paul Fire and Marine Insurance Company, the Parish of West Baton Rouge, the Louisiana Department of Corrections, and the State of Louisiana. He seeks monetary and declaratory relief.

**28 U.S.C. §§ 1915(e) and 1915A**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's Allegations**

In his Complaint, as amended, Plaintiff alleges the following: Plaintiff is a federal pretrial detainee currently being housed at the West Baton Rouge Detention Center. On August 26, 2022, Plaintiff's attorney, who was representing him in both federal and state criminal matters, was disqualified from representing Plaintiff in his federal case. Though the attorney was still representing Plaintiff in his state criminal matter, this attorney was denied visitation with Plaintiff at WBRDC. Plaintiff was also unable to communicate with his attorney via email. Plaintiff notified Defendant Warden Alleman of the foregoing and that he had an upcoming hearing in the state criminal matter for which he needed to meet privately with his attorney. Defendant Alleman told Plaintiff that his attorney was being denied visitation due to his disqualification in the federal case.

Plaintiff then filed a grievance regarding denial of access to the courts due to not being able to visit with his attorney or communicate privately. Plaintiff did not receive a response to his grievance and was informed by the officer who handles grievances that Defendant Alleman was

in possession of the grievance, that she could do whatever she wanted with it, and that, because she was over him, the officer no longer had any control over the grievance. Plaintiff then filed a grievance with the Department of Corrections and again did not receive a response.

When Plaintiff was allowed to meet with his attorney, meetings took place in the visiting room, were constantly interrupted, and were ended after only 30 to 45 minutes, after which Plaintiff was left in the visiting room for an additional 45 to 90 minutes. The interruptions were at the direction of Defendant Warden Alleman and included searching Plaintiff's legal materials during the visits. The visits were also not private due to their location in the visiting room where anyone else in the room could hear Plaintiff's conversations with his attorney. Defendant Warden Alleman also denied Plaintiff's request for weekend visits, though other inmates were permitted to visit with their attorneys on weekends. One such request was denied despite Defendant Warden Alleman having notice of Plaintiff's upcoming state court hearing. Calls and zoom meetings with Plaintiff's attorney were also not private since Defendant Warden Alleman instructed her staff to remain in the room.

In December of 2022, documents regarding the state's intent to revoke Plaintiff's probation were sent to WBRDC. However, Plaintiff never received the documents and was not prepared for the revocation hearing. Sometimes parts of Plaintiff's legal mail would be missing, and other times he would not receive his legal mail at all. Since Plaintiff was never given the paperwork pertaining to his probation revocation, Plaintiff's probation was revoked, and his original ten-year sentence was imposed.

**Juridical Person**

First, not all Defendants named herein are "persons" or state actors within the meaning of § 1983. Section 1983 only imposes liability on a "person" who violates another's constitutional

rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Nor are correctional centers or sheriff's departments as the State of Louisiana has not granted them juridical status. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The Department of Public Safety and Corrections is also not a "person" under § 1983. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) (per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–71 (1989)). Additionally, a private insurance company is neither a "state actor" nor a "person" within the meaning of § 1983. *Birkley v. West Milwaukee Police Department, et al.,* 2023 WL 7130035 (E.D. Wis. Oct. 30, 2023) (*citing Brunner v. McKillip*, 488 F. Supp. 2d 775, 780 (W.D. Wis. 2007); *Bladek v. Hoff*, Case No. 04-C-715, 2005 WL 8165830, at **1-2 (Feb. 23, 2005); and *Estate of Stinson v. Milwaukee Cnty.*, Case No. 21-CV-1046, 2022 WL 1303279, at *4 (May 2, 2022).

In the instant matter, Plaintiff has named the West Baton Rouge Sheriff's Department, St. Paul Fire and Marine Insurance Company, the Louisiana Department of Corrections, and the State of Louisiana as Defendants. None of these Defendants are persons and/or state actors within the meaning of § 1983. As such, Plaintiff's claims against these Defendants should be dismissed.

### *Access to the Courts*

Turning to Plaintiff's claim regarding denial of access to the courts, a substantive right of access to the courts has long been recognized. *Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing*

*Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1 989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at 356. Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant

must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").

Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

### *Right to Counsel*

A pretrial detainee's Sixth Amendment right to counsel is violated when visitation and/or communication with his counsel is impeded. *See Owens–El v. Robinson,* 442 F.Supp. 1368, 1386 (D.C.Pa.1978) ("Inmates have a constitutional right, protected by the First Amendment, to communicate with friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls."); *Collins v. Schoonfield,* 344 F.Supp. 257, 280 (D.C. Md.1972) (accepting the parties stipulations that: "The right to a fair trial and effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments extends to pre-trial detainees. *

* * Various conditions and practices having the practical effect of interfering with these rights are unconstitutional including: (1) interruption of mail between attorneys and clients * * *; (2) failure to provide a suitable visiting area for attorney visits * * *; (3) and failure to allow inmates reasonable access to telephones for purposes of conversing with counsel * * *."); *Jones v. Wittenberg,* 330 F. Supp. 707, 719 (D.C. Ohio 1971) ("Prisoners who are serving sentence are properly subject to some restrictions on communication, to the extent that this may be a desirable form of punishment.... Obviously, however, prisoners who are awaiting trial are not to be punished at all, except to the extent necessary to preserve order among members of a group living in close quarters. Hence, prisoners awaiting trial may not be limited in their communications with persons outside except to the extent necessary to prevent abuse of the privilege, or as a means of enforcing discipline generally.").

## Official Capacity

Turning to Plaintiff's official capacity claims against Defendants Warden Alleman, Sheriff Caze, the West Baton Rouge Council, and the Parish of West Baton Rouge, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether Plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

"Section 1983 offers no *respondeat superior* liability." *Pineda v.* City *of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Municipalities face § 1983 liability 'when execution of a government's

policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). That is, "[a] municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.' " *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

In the instant matter, Plaintiff's Complaint is devoid of any allegations of an official policy or custom of any of these Defendants. Plaintiff has not alleged any widespread practice resulting in denial of access to the Courts or his Sixth Amendment right to counsel. He has alleged only his own singular experience. As such, Plaintiff's Complaint fails to state a claim against these defendants in their official capacities.

### Individual Capacity

#### *Personal Involvement*

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or

co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Plaintiff herein has not alleged that any Defendant other than Warden Alleman was personally or directly involved in the alleged acts resulting in violations of his constitutional rights. With regards to Plaintiff's claims asserted against Defendant Warden Alleman in her individual capacity, prison officials cannot, absent some valid justification, totally cut off pretrial detainees' communications with legal counsel, and a prison policy limiting or regulating such detainees' access to their attorney must be related to the need for the secure maintenance of the facility. *Hearn v. Hudson*, 549 F. Supp. 949 (W.D. Va. 1982) and *Kennedy v. Omodt*, 264 N.W.2d 809 (Minn. 1978).

Furthermore, a person detained in jail prior to conviction should be accorded the greatest possible opportunity for access to his or her attorney, or to persons designated by his or her attorney, as necessary for the development and handling of the pretrial detainee's defense. *Kennedy v. Omodt*, 264 N.W.2d 809 (Minn. 1978) Thus, pretrial detainees are denied meaningful access to

their counsel if, in the facilities provided for attorney-client conferences, conversation is difficult, and privacy is impossible. *Wright v. State,* 250 Ga. 570, 300 S.E.2d 147 (1983).

In *Jones v. Diamond*, 594 F.2d 997, 1024 (5th Cir. 1979), the Court found no further relief was warranted for pretrial detainees when a small room where attorneys and clients may meet behind closed doors, and, upon request, prisoners and their attorneys were given one of the rooms downstairs in the Sheriff's office for conferences. The Court found these steps adequate to safeguard the interests of the detainees in preparing their defenses for trial.

In the instant matter, before visitation with his attorney was denied, Plaintiff alleges that meetings with his counsel were conducted in the visiting room where there is little, if any, privacy. Additionally, these meetings were interrupted and limited in duration. Plaintiff further alleges that his alternative means of contact were also hindered. He could not make private calls to his attorney, and his legal mail was partially missing, missing entirely, or delayed. Plaintiff alleges that all the foregoing was done at the direction of Defendant Warden Alleman. He further alleges that he has suffered prejudice in his state criminal case resulting in his probation being revoked and his original sentence being reimposed due to lack of meaningful communication with his counsel. As such, Plaintiff has stated a claim against Defendant Warden Alleman in her individual capacity.

## RECOMMENDATION

It is recommended that Plaintiff's claims against all Defendants, *except those claims asserted against Defendant Warden Alleman in her individual capacity*, be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1] It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 9, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."