UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL NELSON                                          CIVIL ACTION

VERSUS

RHONDA ALLEMAN, ET AL.                          NO. 23-00504-BAJ-SDJ

RULING AND ORDER

Plaintiff, a federal detainee awaiting trial at West Baton Rouge Parish Jail who is representing himself without assistance of counsel, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Warden Rhonda Alleman, Sheriff Mike Caze, the West Baton Rouge Sheriff's Department, the West Baton Rouge Council, St. Paul Fire and Marine Insurance Company, the Parish of West Baton Rouge, the Louisiana Department of Corrections, and the State of Louisiana. Plaintiff alleges, among other claims, that Defendant Alleman and others have interfered with Plaintiff's constitutional right to communicate with and meet in private with his attorney.

Pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge has now issued a **Report and Recommendation (Doc. 17, the "Report")**, recommending that Plaintiff's claims against all Defendants, except those claims asserted against Defendant Warden Alleman in her individual capacity, be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. Plaintiff filed timely objections but failed to raise a colorable or cogent argument against dismissal of his claims. (Doc. 18). In particular, as explained by the Magistrate Judge, Plaintiff's official capacity claims fail because he has not made

specific factual allegations regarding a policy or custom of violating prisoner rights. Instead, Plaintiff's allegations have to do with his own personal experiences. Likewise, Plaintiff's claims against Defendants West Baton Rouge Sheriff's Department, St. Paul Fire and Marine Insurance Company, the Louisiana Department of Corrections, and the State of Louisiana fail because these entities cannot be the subject of § 1983 claims. *See, e.g., Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons within the meaning of [§ 1983]").

After careful consideration of the operative Complaint and related filings, the Court **APPROVES** the Report and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against all Defendants, except those claims asserted against Defendant Warden Alleman in her individual capacity, be and are hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this matter be and is hereby **REFERRED** to the Magistrate Judge for further proceedings consistent with this Order.

A partial judgment shall issue separately. Plaintiff's individual capacity claims

against Defendant Warden Alleman remain pending.

        Baton Rouge, Louisiana, this 22nd day of August, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3