## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL NELSON (#53923)**                               **CIVIL ACTION**

**VERSUS**                                                    **NO. 23-504-BAJ-SDJ**

**RHONDA ALLEMAN, ET AL.**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 5, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL NELSON (#53923)                          CIVIL ACTION

VERSUS                                           NO. 23-504-BAJ-SDJ

RHONDA ALLEMAN, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Cross Motions for Summary Judgment filed on behalf of Plaintiff (R. Doc. 60) and Defendants (R. Doc. 53).

The *pro se* Plaintiff, a pretrial detainee confined at the West Baton Rouge Detention Center, Port Allen, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Warden Rhonda Alleman and others[1]. He seeks monetary and declaratory relief.

Plaintiff moves for summary judgment relying upon the pleadings, and copies of a Reply to Inmate Request and Petition for Cause. Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, the Declaration of Rhonda Alleman, the deposition of Plaintiff, the jail's Grievance Procedure, and copies of various state and criminal court proceedings.

**Summary Judgment Standard**

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the

---

[1] All of the plaintiff's claim have been dismissed except his claims asserted against defendant Alleman in her personal capacity. *See* R. Doc. 20.

pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### Failure to Exhaust Administrative Remedies

Defendant first asserts that Plaintiff's claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available

to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

In this regard, the grievance procedure at the West Baton Rouge Detention Center requires an offender to complete a grievance form via a kiosk or tablet within 30 days of the complained of event. The grievance is then screened and upon acceptance is referred to an employee who may best respond to the request. The procedure further provides that the grievance will not be referred to an employee who is involved in the matter that is the basis of the grievance. The employee then investigates and responds within 30 days of the filing of the grievance. Upon receiving the response or expiration of the 30 days, the offender may request review by the Warden by filing a Request for Warden's Review. The Warden will then respond within 60 days of the filing of the grievance. *See* R. Doc. 53-8.

Defendant asserts that Plaintiff filed several grievances but never proceeded to the second step of the process by filing a Request for Warden's Review. In support of this argument, Defendant refers the Court to Record Document 30-1 without reference to any specific pages in this 208-page document. Copies of the plaintiff's grievances begin on page 163. Plaintiff filed the following pertinent grievances:

**Request ID 491084 dated 5/14/22**
   Regarding visits with his attorneys being cut short
   Status – not answered
**Request ID 526410 dated 8/6/22**
   Regarding phones working improperly and visits with his attorneys being cut short and lack of attorney visits on weekends
   Status – Resolved Substantiated – internet and phone company notified
**Request ID 581372 dated 12/21/22**
   Regarding lack of phone privileges for entire dorm preventing contact with lawyers
   Status – Resolved Unsubstantiated

**Appeal Request ID 584155 dated 12/29/22**
   Appears to relate to the phone privileges
   Status – Resolved Substantiated – dorm was on lockdown for disciplinary reasons, privileges have been restored
**Request ID 616136 dated 3/23/23**
   Regarding 9 months of denial of visitation and interference with visitation with attorneys from Longman Jakuback.
   Status – not answered
**Request ID 728573 dated 12/4/23**
   Regarding interference with in-person and virtual visits with attorney Stockstill
   Status – not answered

In his Motion for Summary Judgment, Plaintiff asserts that the grievance process was unavailable to him. However, Plaintiff filed numerous grievances, some of which were answered and some of which were not. Upon expiration of the 30-day response period, Plaintiff was free to proceed to the second step in the process, which he did in one instance concerning phone privileges (Appeal Request ID 584155). However, it appears that Plaintiff failed to proceed to the second step for the remainder of the pertinent grievances. Additionally, the last referenced grievance (728573) was filed after the filing of the Complaint. As such, all grievances for which Plaintiff did not proceed to the second step and the one filed after the filing of the Complaint were not exhausted

prior to the filing of the Complaint, as required. Plaintiff has presented no evidence showing that the grievance process was unavailable to him.

Yet, attached to Plaintiff's Motion is what appears to be an emergency grievance filed on March 21, 2023, at 11:10 a.m. Therein Plaintiff complains that he has been denied visits with his attorneys from Longman Jakuback for months and requests approval of their visits and visits on weekends. The request was assigned to Warden Alleman and is marked as "Resolved Substantiated." Therein Warden Alleman notes that she was provided notice from the US Attorney's office indicating that Longman Jacubak was representing Plaintiff in his state matter and can now visit Plaintiff. The response is dated March 21, 2023, at 3:24 p.m. As such, it appears this emergency grievance was exhausted as there was no need to proceed to the second step since Warden Alleman granted the requested relief herself. Therefore, Plaintiff did not need to file a request for Warden's Review.

In sum, competent summary judgment evidence establishes, and there is no competent summary judgment evidence to the contrary, that Plaintiff did not exhaust his administrative remedies prior to filing this action except as to one claim. Although Plaintiff alleges that his efforts to exhaust were thwarted, the record belies Plaintiff's bare, unsubstantiated allegations that the administrative grievance process was not available to him. Accordingly, Defendants' Motion for Summary Judgment (R. Doc. 53) should be granted, in part, as to all of Plaintiff's claims except for denial of attorney visits with Longman and Jacuback from August of 2022 through March 21, 2023.

### Sixth Amendment Right to Counsel and Access to the Courts

As to Plaintiff's claim that he was denied attorney visits with Longman and Jacuback from August of 2022 through March 21, 2023, a pretrial detainee's Sixth Amendment right to counsel

is violated when visitation and/or communication with his counsel is impeded. *See  Owens–El v. Robinson,* 442 F. Supp. 1368, 1386 (D.C.Pa.1978) ("Inmates have a constitutional right, protected by the First Amendment, to communicate with friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls."); *Collins v. Schoonfield,* 344 F. Supp. 257, 280 (D.C. Md.1972) (accepting the parties stipulations that: "The right to a fair trial and effective assistance of counsel  guaranteed by the Sixth and Fourteenth Amendments extends to pre-trial detainees. * * * Various conditions and practices having the practical effect of interfering with these rights are unconstitutional including: (1) interruption of mail between attorneys and clients * * *; (2) failure to provide a suitable visiting area for attorney visits * * *; (3) and failure to allow inmates reasonable access to telephones for purposes of conversing with counsel * * *."); *Jones v. Wittenberg,* 330 F. Supp. 707, 719 (D.C. Ohio 1971) ("Prisoners who are serving sentence are properly subject to some restrictions on communication, to the extent that this may be a desirable form of punishment.... Obviously, however, prisoners who are awaiting trial are not to be punished at all, except to the extent necessary to preserve order among members of a group living in close quarters. Hence, prisoners awaiting trial may not be limited in their communications with persons outside except to the extent necessary to prevent abuse of the privilege, or as a means of enforcing discipline generally.").

Though Defendant Alleman admits in her Declaration that she denied visits with attorneys from Longman and Jakuback, it does not appear that she intentionally interfered with Plaintiff's right to counsel. Rather, it appears that Defendant Alleman was, at most, negligent. She misinterpreted this Court's Order disqualifying Longman Jakuback in Plaintiff's federal proceedings. Though she did ask an unspecified attorney with Longman Jakuback to provide documentation that the firm was enrolled on behalf of the plaintiff in his state proceedings, it

appears she took no further action to ascertain this information such as calling the Tangipahoa Parish Clerk of Court or following up on her request. Defendant Alleman's actions do not evidence an intentional interference with Plaintiff's right to counsel, and claims of negligence are not actionable under section 1983.

Furthermore, Plaintiff has not shown by competent summary judgment evidence that he could not contact Longman and Jakuback by other means such as telephone, e-mail, or mail. Plaintiff's allegations that his other means of communication were inhibited have not been substantiated. Additionally, Plaintiff was granted visits with Longman and Jakuback on March 21, 2023. The state court criminal hearing regarding revocation of Plaintiff's probation did not occur until May 9, 2023, over a month later. As such, Plaintiff would have had sufficient time to visit with his attorney prior to the hearing. The failure of his attorney to arrange a visit during this time was not the fault of Defendant Alleman.

To the extent Plaintiff alleges that Defendant Alleman's denial of visitation from August of 2022 to March 21, 2023 interfered with his right to access the courts, Plaintiff must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of Defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). A review of the transcripts pertaining to Plaintiff's state probation revocation reveals that both Plaintiff and his counsel were able to file motions seeking to have the proceeding dismissed. Plaintiff was represented by competent and prepared counsel at the hearing who had the opportunity to argue the motion seeking dismissal, cross examine witnesses, and present additional argument. Further, there appeared to be several legitimate reasons for revocation of Plaintiff's probation. As such, Plaintiff has not shown that his probation was revoked due to the denial of attorney visits from August of 2022 to March 21, 2023.

In connection with his own Motion for Summary Judgment (R. Doc. 60) the Court notes that Plaintiff has not filed or directed the Court to any competent summary judgment evidence sufficient to create a genuine issue of material fact. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).

Plaintiff has not submitted an affidavit or declaration, nor is Plaintiff's Complaint verified. Plaintiff has also failed to direct the Court's attention to specific evidence in the record which demonstrates that he can satisfy a reasonable jury that he is entitled to a verdict in his favor. Plaintiff instead relies upon the pleadings and the allegations therein.

Accordingly, there is nothing before the Court which tends to dispute Defendant's assertions. Based upon Plaintiff's failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendant's motion is well-taken and that, on the record before the Court, Defendant Alleman is entitled to summary judgment as a matter of law.

### Supplemental Jurisdiction

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized

to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 60) be denied, and that Defendant's Motion for Summary Judgment (R. Doc. 53) be granted, dismissing Plaintiff's claim against Defendant Alleman for denial of attorney visits from August of 2022 to March 21, 2023, with prejudice, and dismissing the remainder of Plaintiff's claims, with prejudice[2], for failure to exhaust his administrative remedies. It is further recommended that this action be closed by way of a judgment reflecting the foregoing.

Signed in Baton Rouge, Louisiana, on January 5, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Although dismissal for failure to exhaust may be without prejudice, the claims at issue have clearly prescribed. As such, dismissal with prejudice is recommended.